# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| MATTHEW SHERMAN PHILLIPS, ) ) ) Petitioner, ) ) v. ) ) GOVERNOR KATHERINE IVEY, ) et al., ) ) Respondents. | Case No.: 4:22-cv-00974-ACA-HNJ |

## MEMORANDUM OPINION

In 2002, Petitioner Matthew Sherman Phillips was adjudicated as a youthful offender in three separate cases. (Doc. 17 at 3). His sentences and probation in those cases expired in 2005. (*Id.*). In 2008, Mr. Phillips was convicted of reckless murder and assault and sentenced to a total of twenty-five years' imprisonment. (*Id.* at 7–8). In 2021, Mr. Phillips filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, attaching his 2008 convictions; the court denied that petition as untimely. (*Id.* at 7–8, 10). In 2022, Mr. Phillips filed a petition for writ of habeas corpus, invoking 28 U.S.C. § 2241 in addition to § 2254 and several common law writs. (Doc. 1 at 1, 17). His current petition attacks his youthful offender adjudications. (*See id.* at 1–10).

The magistrate judge recommended denying the petition for lack of subject matter jurisdiction. (Doc. 17 at 29). The court explained that the petition could be

construed as directly attacking the 2002 adjudications, in which case the court lacked jurisdiction because Mr. Phillips was no longer "in custody" for those adjudications. (*Id.* at 14–17). Alternatively, the petition could be construed as attacking the 2002 adjudications because they were used to enhance the sentences for the 2008 convictions, in which case the court lacked jurisdiction because the petition would be "second or successive," under 28 U.S.C. § 2244. (*Id.* at 21–27). Finally, the magistrate judge explained that, with respect to Mr. Phillips's invocation of common law writs of coram nobis or coram vobis, those writs were not available to challenge Mr. Phillips's adjudications. (*Id.* at 27–28). The court also recommended denying Mr. Phillips's motion to seal exhibits and granting his motion to expand the record. (*Id.* at 2).

Mr. Phillips objects to the report and recommendation on the grounds that (1) he is still suffering collateral consequences from his 2002 adjudications, including by their use in annual classification reviews for Mr. Phillips; and (2) he can seek relief through the writ of error coram vobis. (Doc. 20 at 1–4). He also requests that, if the court agrees with the report and recommendation, the court stay this proceeding while he seeks permission from the Eleventh Circuit to file a second or successive petition. (*Id.* at 5).

The court **OVERRULES** Mr. Phillips's objections. The magistrate judge correctly explained that the court has subject matter jurisdiction only if the petitioner

2

is "in custody pursuant to the judgment of a State court." (Doc. 17 at 16); *see* 28 U.S.C. § 2254(a); *Diaz v. State of Fla. Fourth Jud. Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012) ("Whether a petitioner is 'in custody pursuant to the judgment of a State court' is a jurisdictional question . . . ."). The magistrate judge also correctly explained that collateral consequences of an expired sentence cannot satisfy the "in custody" requirement. (Doc. 17 at 15–16); *see Maleng v. Cook*, 490 U.S. 488, 492 (1989). The report and recommendation does not explicitly address Mr. Phillips's argument about his annual classification reviews being a collateral consequence. However, the same reasoning applies to that argument. Accordingly, even the Alabama Department of Corrections' continued use of Mr. Phillips's 2002 adjudications for annual classification reviews does not place him "in custody" based on those adjudications. Likewise, the magistrate judge correctly determined that the common law writs Mr. Phillips attempted to invoke are not available to him. (Doc. 17 at 27–28).

The court lacks subject matter jurisdiction over Mr. Phillips's petition because (1) to the extent he seeks to challenge his 2002 adjudications directly, he is no longer "in custody" pursuant to those adjudications; and (2) to the extent he is challenging the use of his 2002 adjudications to enhance or affect his 2008 convictions, he has not received authorization from the Eleventh Circuit to file a second or successive petition, as required by § 2244(b)(3)(A). Mr. Phillips requests that if the court finds

3

he needs the Eleventh Circuit's authorization to file a successive petition, the court stay this case instead of dismissing the petition. (Doc. 20 at 5). But petitioners bringing second or successive petitions must get permission from the appellate court *before* filing the petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("*Before* a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added); *see also Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming the district court's dismissal of an unauthorized successive § 2254 petition for lack of subject matter jurisdiction).

Accordingly, the court **ADOPTS** the report and **ACCEPTS** the recommendation. The court **WILL DISMISS** the § 2254 petition, **WILL DENY** the motion to seal exhibits, **WILL GRANT** the motion to expand the record, and **WILL DENY** the request for a stay of this case.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this September 13, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE